JOURNAL ENTRY AND OPINION
Defendant-appellant Kenneth Wright has filed this accelerated appeal, pursuant to App.R. 11.1 and Loc.App.R. 11.1, from his guilty plea and sentence on the charge of sexual battery. For the following reasons, we affirm appellant's conviction but reverse and vacate his sentence. Pursuant to App.R. 11.1(E), this court will render a brief and conclusionary decision.
On May 17, 1999, the grand jury issued an indictment charging appellant with three first degree felonies, viz., kidnapping, rape and aggravated robbery. On August 25, 1999, as part of a plea agreement, appellant entered a plea of guilty to an amended charge of sexual battery in violation of R.C. 2907.03. The remaining counts of the indictment were nolled. In a journal entry filed on October 4, 1999, the trial court sentenced appellant to five years in prison, the maximum term for a felony of the third degree. Therefrom, appellant filed a delayed appeal with this court.
 I. THE APPELLANT'S GUILTY PLEA WAS NOT KNOWING AND VOLUNTARY BECAUSE THE TRIAL COURT, PRIOR TO TAKING THE PLEA, FAILED TO COMPLY WITH O.R.C. 2943.032.
In his first assignment of error, appellant claims that the trial court failed to substantially comply with the requirements of R.C. 2943.032 during his plea hearing. Specifically, appellant argues that the trial court failed to advise him that: The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board. R.C.2943.032(D).
When dealing with waiver of the elements mandated by R.C.2943.032, the trial court need only substantially comply with the statute. See State v. Patterson (July 29, 1999), Cuyahoga App. No. 74348, unreported, citing State v. Ballard (1981), 66 Ohio St.2d 473,478.
In the case sub judice, the following dialogue took place during the plea hearing:
 THE COURT: Okay. In addition, do you understand if you're sentenced to community controlled sanctions for either of these cases that if you violate the terms of community controlled sanctions you could be sentenced to prison.
THE DEFENDANT: Yes, your Honor.
 THE COURT: In addition, do you understand if you are sentenced to prison, and while there you commit a crime or offense, the parole board can increase your prison term by up to 50 percent of the original sentence that I impose?
THE DEFENDANT: Yes, your Honor.
 THE COURT: In addition, do you understand if you are sentenced to prison you could be subject to post-release control?
THE DEFENDANT: Yes, your Honor.
(Tr. 25.)
We find that the trial court substantially complied with R.C.2943.032. Therefore, the first assignment of error is overruled. Appellant's conviction is affirmed.
 II. THE LOWER COURT ERRED WHEN IT SENTENCED APPELLANT WITHOUT COMPLYING WITH [O.R.C.] 2929.19(B).
As for his second assignment of error, appellant asserts that the trial court failed to comply with R.C. 2929.19(B)(3) during the sentencing hearing.
Pursuant to former R.C. 2929.19(B)(3), as effective on the date of appellant's sentencing hearing[1], the trial court had a mandatory duty at the sentencing hearing to notify the offender that he is subject to "bad time" violations and post-release controls. See, e.g., State v. Melton (May 4, 2000), Cuyahoga App. No. 75792, unreported, citing State v. Shine (Apr. 29, 1999), Cuyahoga App. No. 74053, unreported; State v. Davis (June 18, 1998), Cuyahoga App. 72820, unreported. This court has consistently held that the failure to comply with R.C.2929.19(B)(3) constitutes reversible error. See, e.g., Melton,supra; Shine, supra; State v. Linen (Feb. 17, 2000) Cuyahoga App. Nos. 74070, 74071, unreported.
Upon review of the sentencing hearing transcript, we find that the trial court failed to satisfy the notification requirements of R.C. 2929.19(B)(3). Appellant's second assignment of error is sustained. We reverse and vacate appellant's sentence, and remand this case for resentencing in compliance with R.C. 2929.19(B)(3).
Conviction affirmed.
Sentence reversed and vacated.
Remanded for re-sentencing.
The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant and appellee shall equally share the costs herein taxed. The Defendant's conviction having been affirmed, any bail pending appeal is terminated.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The trial court conducted appellant's sentencing hearing on September 30, 1999. The legislature amended R.C. 2929.19 on March 23, 2000, and amended the statute again on May 17, 2000.